Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kescanlar@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike
Suite 200
Florham Park, NJ 07932
(973) 622-3333

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC,*
*Theravance Biopharma US, Inc., Theravance Biopharma Ireland Limited,*
*Mylan Ireland Limited, and Mylan Specialty L.P.*

<u>Of Counsel</u>
Mary W. Bourke (Mary.Bourke@wbd-us.com)
Dana K. Severance (Dana.Severance@wbd-us.com)
Ben Bourke (Ben.Bourke@wbd-us.com)
**WOMBLE BOND DICKINSON (US) LLP**
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
(302) 252-4320

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC,*
*Theravance Biopharma US, Inc., and Theravance Biopharma Ireland Limited*

William A. Rakoczy (wrakoczy@rmmslegal.com)
Kevin E. Warner (kwarner@rmmslegal.com)
Joseph T. Jaros (jjaros@rmmslegal.com)
Matthew V. Anderson (manderson@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

*Attorneys for Plaintiffs Mylan Ireland Limited*
*and Mylan Specialty L.P.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THERAVANCE BIOPHARMA R&D IP, LLC, THERAVANCE BIOPHARMA US, INC., THERAVANCE BIOPHARMA IRELAND LIMITED, MYLAN IRELAND LIMITED, and MYLAN SPECIALTY L.P., <br><br> Plaintiffs, <br><br> v. | C.A. No. _____ <br><br> *Document Filed Electronically* |

EUGIA PHARMA SPECIALITIES LTD.,        )
EUGIA US LLC, AUROBINDO PHARMA        )
USA, INC., AUROBINDO PHARMA        )
LIMITED, MANKIND PHARMA LTD.,        )
LIFESTAR PHARMA LLC, LUPIN INC.,        )
LUPIN LTD., LUPIN        )
PHARMACEUTICALS, INC.,        )
ORBICULAR PHARMACEUTICAL        )
TECHNOLOGIES PRIVATE LIMITED,        )
CIPLA LIMITED, and CIPLA USA, INC.,        )
        )
        Defendants.        )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma US, Inc., Theravance Biopharma Ireland Limited, Mylan Ireland Limited, and Mylan Specialty L.P. (collectively, "Plaintiffs"), by their attorneys, for their Complaint against Defendants Mankind Pharma Ltd. ("Mankind Pharma"), Lifestar Pharma LLC ("Lifestar") (collectively, "Mankind"); Eugia Pharma Specialities Ltd. ("Eugia Pharma"), Eugia US LLC ("Eugia US"), Aurobindo Pharma USA, Inc. ("Aurobindo USA"), Aurobindo Pharma Limited ("Aurobindo Ltd.") (collectively, "Eugia"); Lupin Inc., Lupin Ltd., Lupin Pharmaceuticals, Inc. ("Lupin Pharmaceuticals") (collectively, "Lupin"); Orbicular Pharmaceutical Technologies Private Limited ("Orbicular"); and Cipla Limited ("Cipla Ltd."), Cipla USA, Inc. ("Cipla USA") (collectively, "Cipla") (all named defendants, collectively, "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1.    This is a civil action for infringement of United States Patent No. 11,858,898 (the "'898 patent") arising under the Patent Laws of the United States, Title 35, United States Code, Section 1 *et seq*.  This action relates to Abbreviated New Drug Application ("ANDA") No. 218089, filed by Mankind; ANDA No. 218128, filed by Eugia; ANDA No. 218088, filed by Lupin; ANDA

2

No. 217868, filed by Orbicular; and ANDA No. 217958, filed by Cipla, with the United States Food and Drug Administration ("FDA") for approval to market generic versions of YUPELRI® (revefenacin) inhalation solution, for oral inhalation, prior to the expiration of patents listed in FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") for YUPELRI®, including the '898 patent.

## THE PARTIES

### Plaintiffs

2. Plaintiff Theravance Biopharma R&D IP, LLC is a Delaware limited liability company having a principal place of business at 901 Gateway Boulevard, South San Francisco, CA, 94080.

3. Plaintiff Theravance Biopharma US, Inc. is a Delaware corporation having a principal place of business at 901 Gateway Boulevard, South San Francisco, CA, 94080.

4. Plaintiff Theravance Biopharma Ireland Limited is an Irish company having a registered office at Ten Earlsfort Terrace, Dublin 2, D02 T380, Ireland.

5. Plaintiff Mylan Ireland Limited is a company having a principal place of business at Newenham Court, Northern Cross, Malahide Road, Dublin 17, Ireland; and a registered office at Unit 35/36, Grange Parade, Baldoyle Industrial Estate, Dublin 13, Ireland.

6. Plaintiff Mylan Specialty L.P. is a company having a principal place of business at 3711 Collins Ferry Road, Morgantown, West Virginia, 26505.

7. Plaintiff Mylan Specialty L.P. sells YUPELRI® in this judicial district and throughout the United States.

8. Plaintiffs Mylan Specialty L.P. and Theravance Biopharma US, Inc. promote and market YUPELRI® in the United States.

9.    Theravance Biopharma R&D IP, LLC is the assignee of the '898 patent. Theravance Biopharma R&D IP, LLC is a wholly owned subsidiary of Theravance Biopharma Ireland Limited.

10.   Theravance Biopharma Ireland Limited is the exclusive licensee, and Mylan Ireland Limited is the exclusive sub-licensee, of the '898 patent.  Mylan Ireland Limited is also the holder of approved New Drug Application No. 210598 for YUPELRI® (revefenacin) inhalation solution, for oral inhalation (the "YUPELRI® NDA").

### Eugia

11.   On information and belief, Defendant Eugia Pharma is a company organized and existing under the laws of India, with its principal place of business at Plot No. 2, Maitrivihar, Ameerpet, Hyderabad, Telangana, India, 500038.

12.   On information and belief, Eugia Pharma has on some occasions identified itself as Eugia Pharma "Specialities," and on other occasions as Eugia Pharma "Specialties," including, for example, in Answers that Eugia Pharma filed in the following cases: *Pfizer Inc. et al. v. Aurobindo Pharma, Ltd. et al.*, No. 20-cv-01528, Answer (D. Del. Dec 4, 2020) ("Eugia Pharma Specialities Ltd."); *Medicure International, Inc. v. Aurobindo Pharma Ltd. et al.*, No. 2:21-cv-17534, Answer (D.N.J. Feb. 16, 2022) ("Eugia Pharma Specialties Limited"); *Amgen Inc. et al. v. Aurobindo Pharma Ltd. et al.*, No. 22-cv-00227, Answer (D. Del. Mar 17, 2022) ("Eugia Pharma Specialties Limited"); and *Aragon Pharms., Inc. et al. v. Eugia Pharma Specialities Ltd. et al.*, No. 2-22-cv-03186, Answer (D.N.J. May 26, 2022) ("Eugia Pharma Specialities Limited").

13.   On information and belief, Defendant Eugia US is a company organized and existing under the laws of Delaware, with its principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

14. On information and belief, Eugia US is formerly known as AuroMedics Pharma LLC.

15. On information and belief, Defendant Aurobindo USA is a company organized and existing under the laws of Delaware, with its principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

16. On information and belief, Defendant Aurobindo Ltd. is a company organized and existing under the laws of India, with its principal place of business at Plot No. 11, Survey No. 9, Water Mark Building, Kondapur, Hitech City, Hyderabad 500 084, Telangana, India.

17. On information and belief, Eugia Pharma is a wholly owned subsidiary of Aurobindo Ltd.

18. On information and belief, Eugia US is a wholly owned subsidiary of Aurobindo Ltd.

19. On information and belief, Aurobindo USA is a wholly owned subsidiary of Aurobindo Ltd.

20. On information and belief, Eugia Pharma, Eugia US, Aurobindo USA, and Aurobindo Ltd. acted in concert to prepare and submit ANDA No. 218128 (the "Eugia ANDA") to FDA to engage in the commercial manufacture, use, sale or offer for sale within or importation into the United States, including, on information and belief, in the State of New Jersey, of a generic version of YUPELRI® (revefenacin) inhalation solution (the "Eugia ANDA Product"), for oral inhalation, prior to the expiration of the '898 patent.

21. On information and belief, following any FDA approval of the Eugia ANDA, Eugia Pharma, Eugia US, Aurobindo USA, and Aurobindo Ltd. will act in concert to commercially manufacture, import, market, offer for sale, distribute, and/or sell the Eugia ANDA Product throughout the United States, including within the State of New Jersey.

**Mankind**

22.    On information and belief, Defendant Mankind Pharma is a company organized and existing under the laws of India, with its principal place of business at 208, Okhla Industrial Estate, Phase III, New Delhi, 110020 India.

23.    On information and belief, Defendant Lifestar is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 1200 MacArthur Blvd., Mahwah, New Jersey 07430.

24.    On information and belief, Lifestar is a wholly owned subsidiary of Mankind Pharma.

25.    On information and belief, Mankind Pharma and Lifestar acted in concert to prepare and submit ANDA No. 218089 (the "Mankind ANDA") to FDA to engage in the commercial manufacture, use, sale or offer for sale within or importation into, the United States, including, on information and belief, in the State of New Jersey, of a generic version of YUPELRI® (revefenacin) inhalation solution (the "Mankind ANDA Product"), for oral inhalation, prior to the expiration of the '898 patent.

26.    On information and belief, following any FDA approval of the Mankind ANDA, Mankind Pharma and Lifestar will act in concert to commercially manufacture, import, market, offer for sale, distribute, and/or sell the Mankind ANDA Product throughout the United States, including within the State of New Jersey.

**Lupin**

27.    On information and belief, Defendant Lupin Inc. is a company organized and existing under the laws of the State of Delaware, with a place of business at 400 Campus Drive, Somerset, New Jersey 08873.

28.     On information and belief, Defendant Lupin Ltd. is a company organized and existing under the laws of India, with its principal place of business at B/4 Laxmi Towers, Bandra Kurla Complex Bandra (E), Mumbai, 400051, India.

29.     On information and belief, Defendant Lupin Pharmaceuticals is a company organized and existing under the laws of Delaware, with a place of business at 400 Campus Drive, Somerset, New Jersey 08873.

30.     On information and belief, Lupin Inc. is a wholly owned subsidiary of Lupin Ltd.

31.     On information and belief, Lupin Pharmaceuticals is a wholly owned subsidiary of Lupin Ltd.

32.     On information and belief, Lupin Inc., Lupin Ltd., and Lupin Pharmaceuticals acted in concert to prepare and submit ANDA No. 218088 (the "Lupin ANDA") to FDA to engage in the commercial manufacture, use, sale or offer for sale within or importation into, the United States, including, on information and belief, in the State of New Jersey, of a generic version of YUPELRI® (revefenacin) inhalation solution (the "Lupin ANDA Product"), for oral inhalation, prior to the expiration of the '898 patent.

33.     On information and belief, following any FDA approval of the Lupin ANDA, Lupin Inc., Lupin Ltd., and Lupin Pharmaceuticals will act in concert to commercially manufacture, import, market, offer for sale, distribute, and/or sell the Lupin ANDA Product throughout the United States, including within the State of New Jersey.

**Orbicular**

34.     On information and belief, Defendant Orbicular is a company organized and existing under the laws of India, with its principal place of business at Plot No. 53, ALEAP Industrial Estate, Pragathi Nagar, Kukatpally, Hyderabad, 500090, India.

35. On information and belief, Orbicular prepared and submitted ANDA No. 217868 (the "Orbicular ANDA") to FDA to engage in the commercial manufacture, use, sale or offer for sale within or importation into the United States, including, on information and belief, in the State of New Jersey, of a generic version of YUPELRI® (revefenacin) inhalation solution (the "Orbicular ANDA Product"), for oral inhalation, prior to the expiration of the '898 patent.

36. On information and belief, following any FDA approval of the Orbicular ANDA, Orbicular will commercially manufacture, import, market, offer for sale, distribute, and/or sell the Orbicular ANDA Product throughout the United States, including within the State of New Jersey.

## Cipla

37. On information and belief, Defendant Cipla Ltd. is a company organized and existing under the laws of India, with its principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai Maharashtra 400013, India.

38. On information and belief, Defendant Cipla USA is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 10 Independence Boulevard, Suite 300, Warren, New Jersey 07059.

39. On information and belief, Cipla USA is a wholly owned subsidiary of Cipla Ltd.

40. On information and belief, Cipla Ltd. and Cipla USA acted in concert to prepare and submit ANDA No. 217958 (the "Cipla ANDA") to FDA to engage in the commercial manufacture, use, sale or offer for sale within or importation into, the United States, including, on information and belief, in the State of New Jersey, of a generic version of YUPELRI® (revefenacin) inhalation solution (the "Cipla ANDA Product"), for oral inhalation, prior to the expiration of the '898 patent.

41. On information and belief, following any FDA approval of the Cipla ANDA, Cipla Ltd. and Cipla USA will act in concert to commercially manufacture, import, market, offer for

sale, distribute, and/or sell the Cipla ANDA Product throughout the United States, including within the State of New Jersey.

## JURISDICTION AND VENUE

42.     Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

43.     This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271.

44.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. §§ 2201 and 2202. *See Vanda Pharms. Inc. v. W.-Ward Pharms. Int'l Ltd.*, 887 F.3d 1117, 1124 (Fed. Cir. 2018) ("Here, [Plaintiff's] complaint alleged that [Defendant] infringed the [] patent under 35 U.S.C. § 271(e)(2)(A) by filing the ANDA . . . Nothing more was required to establish the district court's subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).").

### Eugia

45.     This Court has personal jurisdiction over Eugia US at least because, on information and belief, Eugia US is a corporation with its principal place of business in the State of New Jersey, at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

46.     This Court has personal jurisdiction over Aurobindo USA at least because, on information and belief, Aurobindo USA is a corporation with its principal place of business in the State of New Jersey, at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

47.     This Court has personal jurisdiction over Eugia Pharma at least because, on information and belief, Eugia Pharma directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

48.	This Court has personal jurisdiction over Eugia US at least because, on information and belief, Eugia US directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

49.	This Court has personal jurisdiction over Aurobindo USA at least because, on information and belief, Aurobindo USA directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

50.	This Court has personal jurisdiction over Aurobindo Ltd. at least because, on information and belief, Aurobindo Ltd. directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

51.	This Court has personal jurisdiction over Eugia Pharma, Eugia US, Aurobindo USA, and Aurobindo Ltd. at least because, *inter alia*, on information and belief, (1) Eugia Pharma itself, and/or in concert with Eugia US, Aurobindo Ltd. and/or Aurobindo USA, has filed an ANDA for the purpose of seeking approval to engage in commercial manufacture, use, offer for sale, sale, and/or importation of the Eugia ANDA Product in the United States, including the State of New Jersey; and (2) Eugia Pharma itself, and/or in concert with Eugia US, Aurobindo Ltd. and/or Aurobindo USA, will market, distribute, offer for sale, and/or sell the Eugia ANDA Product in the United States, including the State of New Jersey, upon approval of ANDA No. 218128, and Eugia will derive substantial revenue from the use or consumption of the Eugia ANDA Product in the State of New Jersey.

52.	If Eugia Pharma's connections with the State of New Jersey are found to be insufficient to confer personal jurisdiction, then, on information and belief, Eugia Pharma is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over

Eugia Pharma in the State of New Jersey is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

53.     If Aurobindo Ltd.'s connections with the State of New Jersey are found to be insufficient to confer personal jurisdiction, then, on information and belief, Aurobindo Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Aurobindo Ltd. in the State of New Jersey is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

54.     On information and belief, Eugia US is registered as a "Manufacturer and Wholesale" entity with the State of New Jersey's Department of Health under Registration No. 5004299.

55.     On information and belief, Aurobindo USA is registered as a "Wholesale" entity with the State of New Jersey's Department of Health under Registration Nos. 5003120 and 5005256.

56.     On information and belief, Aurobindo USA is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in the State of New Jersey under Business ID No. 0100921223.

57.     Venue is proper in this district for Eugia Pharma pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, *inter alia*, on information and belief, Eugia Pharma is a foreign corporation organized and existing under the laws of India and may be sued in any judicial district in which it is subject to personal jurisdiction, including in this judicial district.

58.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) as to Eugia US at least because, on information and belief, Eugia US has a regular and established place of business in the State of New Jersey, and at least because, on information and belief, Eugia US has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of

infringement of the '898 patent that will lead to foreseeable harm and injury to Plaintiffs by preparing or assisting in preparing the Eugia ANDA in the State of New Jersey and/or with the intention of seeking to market the Eugia ANDA Product nationwide, including within the State of New Jersey.

59. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) as to Aurobindo USA at least because, on information and belief, Aurobindo USA has a regular and established place of business in the State of New Jersey, and at least because, on information and belief, Aurobindo USA has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the '898 patent that will lead to foreseeable harm and injury to Plaintiffs by preparing or assisting in preparing the Eugia ANDA in the State of New Jersey and/or with the intention of seeking to market the Eugia ANDA Product nationwide, including within the State of New Jersey.

60. Venue is proper in this district for Aurobindo Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, *inter alia*, on information and belief, Aurobindo Ltd. is a foreign corporation organized and existing under the laws of India and may be sued in any judicial district in which it is subject to personal jurisdiction, including in this judicial district.

61. Eugia did not contest jurisdiction and venue in patent infringement litigations in the District of New Jersey related to the same Eugia ANDA No. 218128 for approval to market the same generic version of YUPELRI® (revefenacin) inhalation solution as in the instant case. *See, e.g., Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-06667-KMW-AMD (D.N.J. Aug. 21, 2023); *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-00926-KMW-AMD (D.N.J. Feb. 16, 2023).

62. On information and belief, Eugia Pharma, Aurobindo USA, and Aurobindo Ltd. have litigated previous Hatch-Waxman patent infringement disputes in the District of New Jersey

and have not contested jurisdiction and venue in the District of New Jersey in one or more prior cases arising out of the filing of ANDAs.  *See*, *e.g.*, *Eisai Co., Ltd. et al. v. Aurobindo Pharma Ltd. et al.*, No. 1-22-cv-03610 (D.N.J. June 8, 2022) (Aurobindo USA and Aurobindo Ltd.); *Aragon Pharms., Inc. et al. v. Eugia Pharma Specialities Ltd. et al.*, No. 2-22-cv-03186 (D.N.J. May 26, 2022) (Eugia Pharma and Aurobindo USA); *Medicure International, Inc. v. Aurobindo Pharma Ltd. et al.*, No. 2-21-cv-17534 (D.N.J. Sept. 24, 2021) (Eugia Pharma, Aurobindo USA, and Aurobindo Ltd.) (also filed a counterclaim); *Celgene Corp. v. Aurobindo Pharma Ltd. et al.*, No. 2-21-cv-00624 (D.N.J. Jan. 12, 2021) (Eugia Pharma, Aurobindo USA, and Aurobindo Ltd.) (also filed a counterclaim); *Merck Sharp & Dohme BV et al. v. Aurobindo Pharma USA, Inc. et al.*, No. 2-20-cv-02576 (D.N.J. Mar. 10, 2020) (Eugia Pharma, Aurobindo USA, and Aurobindo Ltd.); *Celgene Corp. v. Aurobindo Pharma Ltd. et al.*, No. 2-20-cv-00315 (D.N.J. Jan. 8, 2020) (Eugia Pharma, Aurobindo USA, and Aurobindo Ltd.) (also filed a counterclaim); *Celgene Corp. v. Aurobindo Pharma Ltd. et al.*, No. 2-19-cv-05799 (D.N.J. Feb. 14, 2019) (Eugia Pharma, Aurobindo USA, and Aurobindo Ltd.) (also filed a counterclaim); *Boehringer Ingelheim Pharms., Inc. et al. v. Aurobindo Pharma USA Inc. et al.*, No. 3-17-cv-07887 (D.N.J. Oct. 4, 2017) (Eugia Pharma and Aurobindo USA) (also filed a counterclaim); *Celgene Corp. v. Hetero Labs Ltd. et al.*, No. 2-17-cv-03387 (D.N.J. May 11, 2017) (Eugia Pharma, Aurobindo USA, and Aurobindo Ltd.) (also filed a counterclaim).

**Mankind**

63.    This Court has personal jurisdiction over Lifestar at least because, on information and belief, Lifestar is a corporation with its principal place of business in New Jersey, at 1200 MacArthur Blvd, Mahwah, New Jersey 07430.

64.    This Court has personal jurisdiction over Mankind Pharma at least because, on information and belief, Mankind Pharma directly or indirectly develops, manufactures, markets

and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

65.     This Court has personal jurisdiction over Lifestar at least because, on information and belief, Lifestar directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

66.     This Court has personal jurisdiction over Mankind Pharma and Lifestar at least because, *inter alia*, on information and belief, (1) Mankind Pharma itself, and/or in concert with its wholly owned subsidiary Lifestar, has filed an ANDA for the purpose of seeking approval to engage in commercial manufacture, use, offer for sale, sale, and/or importation of the Mankind ANDA Product in the United States, including the State of New Jersey; and (2) Mankind Pharma itself, and/or in concert with its wholly owned subsidiary Lifestar, will market, distribute, offer for sale, and/or sell the Mankind ANDA Product in the United States, including the State of New Jersey, upon approval of ANDA No. 218089, and Mankind will derive substantial revenue from the use or consumption of the Mankind ANDA Product in the State of New Jersey.

67.     If Mankind Pharma's connections with the State of New Jersey are found to be insufficient to confer personal jurisdiction, then, on information and belief, Mankind Pharma is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Mankind Pharma in the State of New Jersey is consistent with the United States Constitution and laws.  *See* Fed. R. Civ. P. 4(k)(2).

68.     On information and belief, Lifestar is registered as a "Manufacturer and Wholesale" entity with the State of New Jersey's Department of Health under Registration No. 5005074.

69.     On information and belief, Lifestar is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in the State of New Jersey under Business ID No. 0450064472.

70. Venue is proper in this district for Mankind Pharma pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, on information and belief, Mankind Pharma is a foreign corporation organized and existing under the laws of India and may be sued in any judicial district in which it is subject to personal jurisdiction, including in this judicial district.

71. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) as to Lifestar at least because, on information and belief, Lifestar has a regular and established place of business in the State of New Jersey, and at least because, on information and belief, Lifestar has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the '898 patent that will lead to foreseeable harm and injury to Plaintiffs by preparing or assisting in preparing the Mankind ANDA in the State of New Jersey and/or with the intention of seeking to market the Mankind ANDA Product nationwide, including within the State of New Jersey.

72. Mankind did not contest jurisdiction and venue in patent infringement litigations in the District of New Jersey related to the same Mankind ANDA No. 218089 for approval to market the same generic version of YUPELRI® (revefenacin) inhalation solution as in the instant case. *See*, *e.g.*, *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-06667-KMW-AMD (D.N.J. Aug. 21, 2023); *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-00926-KMW-AMD (D.N.J. Feb. 16, 2023).

73. On information and belief, Mankind Pharma and Lifestar have litigated previous Hatch-Waxman patent infringement disputes in the District of New Jersey and did not contest jurisdiction and venue in the District of New Jersey in one or more prior cases arising out of the filing of ANDAs. *See*, *e.g.*, *Bayer Intellectual Property GmbH et al. v. Mankind Pharma Ltd.*, No. 22-cv-05599 (D.N.J. Sept. 16, 2022) (Mankind Pharma); *Merck Sharp & Dohme B.V. et al. v. Mankind Pharma Ltd. et al.*, No. 2:20-cv-02787 (D.N.J. Mar. 13, 2020) (Mankind Pharma and

Lifestar); *Celgene Corp. v. Mankind Pharma Ltd. et al.*, No. 3:18-cv-11081 (D.N.J. June 26, 2018) (Mankind Pharma) (also filed a counterclaim).

### Lupin

74.    This Court has personal jurisdiction over Lupin Inc. at least because, on information and belief, Lupin Inc. is a corporation with a place of business in the State of New Jersey, at 400 Campus Drive, Somerset, New Jersey 08873.

75.    This Court has personal jurisdiction over Lupin Pharmaceuticals at least because, on information and belief, Lupin Pharmaceuticals is a corporation with a place of business in the State of New Jersey, at 400 Campus Drive, Somerset, New Jersey 08873.

76.    This Court has personal jurisdiction over Lupin Inc. at least because, on information and belief, Lupin Inc. directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

77.    This Court has personal jurisdiction over Lupin Ltd. at least because, on information and belief, Lupin Ltd. directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

78.    This Court has personal jurisdiction over Lupin Pharmaceuticals at least because, on information and belief, Lupin Pharmaceuticals directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

79.    This Court has personal jurisdiction over Lupin Inc., Lupin Ltd., and Lupin Pharmaceuticals at least because, *inter alia*, on information and belief, (1) Lupin Inc. itself, and/or in concert with Lupin Ltd. and/or Lupin Pharmaceuticals, has filed an ANDA for the purpose of seeking approval to engage in commercial manufacture, use, offer for sale, sale, and/or importation

16

of the Lupin ANDA Product in the United States, including the State of New Jersey; and (2) Lupin Inc. itself, and/or in concert with Lupin Ltd. and/or Lupin Pharmaceuticals, will market, distribute, offer for sale, and/or sell the Lupin ANDA Product in the United States, including the State of New Jersey, upon approval of ANDA No. 218088, and Lupin will derive substantial revenue from the use or consumption of the Lupin ANDA Product in the State of New Jersey.

80.     If Lupin Ltd.'s connections with the State of New Jersey are found to be insufficient to confer personal jurisdiction, then, on information and belief, Lupin Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Lupin Ltd. in the State of New Jersey is consistent with the United States Constitution and laws.  *See* Fed. R. Civ. P. 4(k)(2).

81.     On information and belief, Lupin Pharmaceuticals is registered as a "Manufacturer and Wholesale" entity with the State of New Jersey's Department of Health under Registration Nos. 5004060 and 5005159.

82.     On information and belief, Lupin Pharmaceuticals is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in the State of New Jersey under Business ID Nos. 0100953673 and 0101043376.

83.     Venue is proper in this district for Lupin Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, *inter alia*, on information and belief, Lupin Ltd. is a foreign corporation organized and existing under the laws of India and may be sued in any judicial district in which it is subject to personal jurisdiction, including in this judicial district.

84.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) as to Lupin Inc. at least because, on information and belief, Lupin Inc. has a regular and established place of business in the State of New Jersey, and at least because, on information and belief, Lupin Inc. has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the '898 patent that will lead to foreseeable harm and injury to Plaintiffs by

17

preparing or assisting in preparing the Lupin ANDA in the State of New Jersey and/or with the intention of seeking to market the Lupin ANDA Product nationwide, including within the State of New Jersey.

85. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) as to Lupin Pharmaceuticals at least because, on information and belief, Lupin Pharmaceuticals has a regular and established place of business in the State of New Jersey, and at least because, on information and belief, Lupin Pharmaceuticals has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the '898 patent that will lead to foreseeable harm and injury to Plaintiffs by preparing or assisting in preparing the Lupin ANDA in the State of New Jersey and/or with the intention of seeking to market the Lupin ANDA Product nationwide, including within the State of New Jersey.

86. Lupin Inc. and Lupin Pharmaceuticals did not contest jurisdiction and venue, and filed counterclaims, in patent infringement litigations in the District of New Jersey related to the same Lupin ANDA No. 218088 for approval to market the same generic version of YUPELRI® (revefenacin) inhalation solution as in the instant case.[1] *See, e.g., Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-06667-KMW-AMD (D.N.J. Aug. 21, 2023); *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-00926-KMW-AMD (D.N.J. Feb. 16, 2023).

87. On information and belief, Lupin Inc., Lupin Ltd., and/or Lupin Pharmaceuticals have litigated previous Hatch-Waxman patent infringement disputes in the District of New Jersey and have not contested jurisdiction and venue in the District of New Jersey in one or more prior

---

[1] Defendant Lupin Ltd. was dismissed from the actions before answering the respective complaints. *See Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-06667-KMW-AMD, D.I. 13 (D.N.J. Aug. 21, 2023); *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-00926-KMW-AMD, D.I. 21 (D.N.J. Feb. 16, 2023).

cases arising out of the filing of ANDAs. *See*, *e.g.*, *Aragon Pharms., Inc. et al. v. Lupin Ltd. et al.*, No. 2-22-cv-02825 (D.N.J. May 13, 2022) (Lupin Ltd. and Lupin Pharmaceuticals) (also filed a counterclaim); *Jazz Pharm., Inc. v. Lupin Ltd.*, No. 2-22-cv-02773 (D.N.J. May 11, 2022) (Lupin Inc.) (also filed a counterclaim); *Bausch & Lomb, Inc. et al. v. Lupin Ltd. et al.*, No. 3-22-cv-00534 (D.N.J. Feb. 2, 2022) (Lupin Ltd.) (also filed a counterclaim); *Teva Branded Pharm. Prods. R&D, Inc. et al. v. Lupin Ltd. et al.*, No. 3-21-cv-13247 (D.N.J. Jul. 1, 2021) (Lupin Ltd.) (also filed a counterclaim); *Purple Biotech Ltd. v. Lupin Ltd. et al.*, No. 2-20-cv-12849 (D.N.J. Sept. 18, 2020) (Lupin Ltd.) (also filed a counterclaim); *Bausch Health Ireland Ltd. f/k/a Valeant Pharms. Ireland Ltd. et al. v. Lupin Ltd. et al.*, No. 1-20-cv-11039 (D.N.J. Aug. 21, 2020) (Lupin Inc.) (also filed a counterclaim); *Horizon Orphan LLC et al. v. Lupin Ltd. et al.*, No. 2-20-cv-10339 (D.N.J. Aug. 11, 2020) (Lupin Ltd. and Lupin Pharmaceuticals) (Lupin Ltd. also filed a counterclaim); *Celgene Corp. v. Lupin Ltd.*, No. 2-20-cv-08570 (D.N.J. Jul. 9, 2020) (Lupin Ltd.) (also filed a counterclaim); *Bristol-Myers Squibb Co. v. Lupin Ltd. et al.*, No. 3-20-cv-07810 (D.N.J. Jun. 25, 2020) (Lupin Inc.) (also filed a counterclaim); *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, No. 3-18-cv-13700 (Sept. 9, 2018) (Lupin Ltd.) (also filed a counterclaim).

### Orbicular

88.     This Court has personal jurisdiction over Orbicular at least because, on information and belief, Orbicular directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

89.     This Court has personal jurisdiction over Orbicular at least because, *inter alia*, on information and belief, (1) Orbicular filed an ANDA for the purpose of seeking approval to engage in commercial manufacture, use, offer for sale, sale, and/or importation of the Orbicular ANDA Product in the United States, including the State of New Jersey; and (2) Orbicular will market, distribute, offer for sale, and/or sell the Orbicular ANDA Product in the United States, including the State of New Jersey, upon approval of ANDA No. 217868, and Orbicular will derive

substantial revenue from the use or consumption of the Orbicular ANDA Product in the State of New Jersey.

90.     If Orbicular's connections with the State of New Jersey are found to be insufficient to confer personal jurisdiction, then, on information and belief, Orbicular is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Orbicular in the State of New Jersey is consistent with the United States Constitution and laws.  *See* Fed. R. Civ. P. 4(k)(2).

91.     Venue is proper in this district for Orbicular pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, *inter alia*, on information and belief, Orbicular is a foreign corporation organized and existing under the laws of India and may be sued in any judicial district in which it is subject to personal jurisdiction, including in this judicial district.

92.     Orbicular did not contest jurisdiction and venue in patent infringement litigations in the District of New Jersey related to the same Orbicular ANDA No. 217868 for approval to market the same generic version of YUPELRI® (revefenacin) inhalation solution as in the instant case.  *See, e.g.*, *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-06667-KMW-AMD (D.N.J. Aug. 21, 2023); *Theravance Biopharma R&D IP, LLC et al. v. Orbicular Pharmaceutical Technologies Private Ltd.*, No. 1:23-cv-02843-KMW-AMD (D.N.J. May 24, 2023); *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-00926-KMW-AMD (D.N.J. Feb. 16, 2023).

93.     On information and belief, Orbicular has litigated a previous Hatch-Waxman patent infringement dispute in the District of New Jersey and did not contest jurisdiction and venue in the District of New Jersey in a prior case arising out of the filing of an ANDA filing.  *See Aerie Pharm., Inc. et al. v. Orbicular Pharm. Techs.*, No. 3-22-cv-01364 (D.N.J. Mar. 14, 2022).

**Cipla**

94.     This Court has personal jurisdiction over Cipla USA at least because, on information and belief, Cipla USA is a corporation with its principal place of business in the State of New Jersey, at 10 Independence Boulevard, Suite 300, Warren, New Jersey 07059.

95.     This Court has personal jurisdiction over Cipla Ltd. at least because, on information and belief, Cipla Ltd. directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

96.     This Court has personal jurisdiction over Cipla USA at least because, on information and belief, Cipla USA directly or indirectly develops, manufactures, markets and/or sells or intends to market and sell generic drugs throughout the United States and in this judicial district.

97.     This Court has personal jurisdiction over Cipla Ltd. and Cipla USA at least because, *inter alia*, on information and belief, (1) Cipla Ltd. itself, and/or in concert with its wholly owned subsidiary and agent Cipla USA, has filed an ANDA for the purpose of seeking approval to engage in commercial manufacture, use, offer for sale, sale, and/or importation of the Cipla ANDA Product in the United States, including the State of New Jersey; and (2) Cipla Ltd. itself, and/or in concert with its wholly owned subsidiary and agent Cipla USA, will market, distribute, offer for sale, and/or sell the Cipla ANDA Product in the United States, including the State of New Jersey, upon approval of ANDA No. 217958, and Cipla will derive substantial revenue from the use or consumption of the Cipla ANDA Product in the State of New Jersey.

98.     If Cipla Ltd.'s connections with the State of New Jersey are found to be insufficient to confer personal jurisdiction, then, on information and belief, Cipla Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Cipla Ltd. in the State of New Jersey is consistent with the United States Constitution and laws.  *See* Fed. R. Civ. P. 4(k)(2).

99. On information and belief, Cipla USA is registered as a "Manufacturer and Wholesale" entity with the State of New Jersey's Department of Health under Registration No. 5005183.

100. On information and belief, Cipla USA is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in the State of New Jersey under Business ID No. 0450318628.

101. Venue is proper in this district for Cipla Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, *inter alia*, on information and belief, Cipla Ltd. is a foreign corporation organized and existing under the laws of India and may be sued in any judicial district in which it is subject to personal jurisdiction, including in this judicial district.

102. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) as to Cipla USA at least because, on information and belief, Cipla USA has a regular and established place of business in the State of New Jersey, and at least because, on information and belief, Cipla USA has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the '898 patent that will lead to foreseeable harm and injury to Plaintiffs by preparing or assisting in preparing the Cipla ANDA in the State of New Jersey and/or with the intention of seeking to market the Cipla ANDA Product nationwide, including within the State of New Jersey.

103. Cipla did not contest jurisdiction and venue, and filed counterclaims, in patent infringement litigations in the District of New Jersey related to the same Cipla ANDA No. 217958 for approval to market the same generic version of YUPELRI® (revefenacin) inhalation solution as in the instant case. *See, e.g.*, *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-06667-KMW-AMD (D.N.J. Aug. 21, 2023); *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Limited et al.*, No. 1-23-cv-00926-KMW-AMD (D.N.J. Feb. 16, 2023).

104. On information and belief, Cipla Ltd. and Cipla USA have litigated previous Hatch-Waxman patent infringement disputes in the District of New Jersey and did not contest jurisdiction and venue in the District of New Jersey in one or more prior cases arising out of the filing of ANDAs. *See*, *e.g.*, *Par Pharm., Inc. et al. v. Cipla Ltd. et al.*, No. 2-22-cv-02814 (D.N.J. May 13, 2022) (Cipla Ltd. and Cipla USA) (also filed a counterclaim); *Teva Branded Pharm. Prods. R&D, Inc. et al. v. Cipla Ltd.*, No. 2-20-cv-14890 (D.N.J. Oct. 23, 2020) (Cipla Ltd.) (also filed a counterclaim); *Teva Branded Pharm. Prods. R&D, Inc. et al. v. Cipla Ltd.*, No. 2-20-cv-10172 (D.N.J. Aug. 7, 2020) (Cipla Ltd.) (also filed a counterclaim); *Celgene Corp. v. Cipla Ltd.*, No. 2-20-cv-07759 (D.N.J. Jun. 24, 2020) (Cipla Ltd.) (also filed a counterclaim); *Celgene Corp. v. Cipla Ltd.*, No. 2-19-cv-14731 (D.N.J. Jul. 3, 2019) (Cipla Ltd.) (also filed a counterclaim); *Cubist Pharms. LLC f/k/a Cubist Pharms., Inc. v. Cipla USA, Inc. et al.*, No. 3-19-cv-12920 (May 24, 2019) (Cipla Inc. and Cipla Ltd.) (also filed a counterclaim).

## THE PATENT-IN-SUIT

105. The '898 patent, titled "Crystalline Freebase Forms of a Biphenyl Compound," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on January 2, 2024. A true and correct copy of the '898 patent is attached as Exhibit A.

106. Theravance Biopharma R&D IP, LLC is the assignee of the '898 patent. Theravance Biopharma Ireland Limited is the exclusive licensee of the '898 patent. Mylan Ireland Limited is the exclusive sub-licensee of the '898 patent from Theravance Biopharma Ireland Limited.

107. The '898 patent is listed in the Orange Book as covering YUPELRI®.

## YUPELRI®

108. Plaintiffs are engaged in the business of creating, developing, and bringing to market innovative pharmaceutical products for the treatment of diseases.

109.    Plaintiffs' YUPELRI® (revefenacin) is a prescription medicine indicated for the maintenance treatment of patients with chronic obstructive pulmonary disease ("COPD"), a chronic inflammatory lung disease characterized by progressive persistent airflow obstruction. Revefenacin is a long-acting muscarinic antagonist, which is often referred to as an anticholinergic. It is administered long-term as one vial of YUPELRI®, one time each day, by the orally inhaled route via a jet nebulizer.

110.    FDA regulations require that approved drug products include prescribing information reciting the FDA-approved indication(s) for the drug and related instructions for healthcare providers to safely and effectively administer the drug. *See* 21 C.F.R. § 201.56(a)(1)-(3), (d)(1); 21 C.F.R. § 201.57(a)-(c).

111.    Consistent with FDA regulations, the package insert for YUPELRI® includes prescribing information that recites the FDA-approved indication for YUPELRI® and provides instructions for healthcare providers and patients to safely and effectively administer YUPELRI®.

112.    Attached as Exhibit B is a true and correct copy of the May 2022 YUPELRI® package insert, which is the current version of the YUPELRI® package insert.

113.    YUPELRI® is indicated for the maintenance treatment of patients with COPD. (Exhibit B at § 1).

**ACTS GIVING RISE TO THIS ACTION**

**Eugia**

114.    In a letter dated January 9, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Eugia Notice Letter"), Eugia notified Mylan Ireland Limited and Theravance Biopharma R&D IP, LLC that it had submitted the Eugia ANDA to the FDA under Section 21 U.S.C. §§ 355(j)(1) and 2(A), seeking approval to engage in the commercial

manufacture, use, or sale of the Eugia ANDA Product, as a generic version of YUPELRI® in/into the United States, prior to the expiration of United States Patent Nos. 8,541,451 (the "'451 patent"), 9,765,028 (the "'028 patent"), 10,550,081 (the "'081 patent"), 11,008,289 (the "'289 patent"), and 11,484,531 (the "'531 patent").

115. Plaintiffs filed a complaint for infringement of the '451 patent, '028 patent, '081 patent, '289 patent, and '531 patent against Eugia, *inter alia*, in this jurisdiction on February 16, 2023, which was assigned Civil Action No. 23-00926-KMW-AMD.

116. In a letter dated July 31, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Eugia Second Notice Letter"), Eugia notified Mylan Ireland Limited and Theravance Biopharma R&D IP, LLC that the Eugia ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, or sale of the Eugia ANDA Product, as a generic version of YUPELRI® in/into the United States, prior to the expiration of United States Patent No. 11,691,948 ("the '948 patent").

117. Plaintiffs filed a complaint for infringement of the '948 patent against Eugia, *inter alia*, in this jurisdiction on August 21, 2023, which was assigned Civil Action No. 23-06667-KMW-AMD, and which was consolidated with Civil Action No. 23-00926-KMW-AMD on September 29, 2023.

118. On December 4, 2023, Plaintiffs filed a First Amended Consolidated Complaint for Patent Infringement against Eugia, *inter alia*, in Civil Action No. 23-00926-KMW-AMD, which included additional claims for infringement of U.S. Patent Nos. 8,017,783 (the "'783 patent"), 9,249,099 (the "'099 patent"), 10,100,013 (the "'013 patent"), and 11,649,209 (the "'209 patent").

119.    Eugia's filing of its ANDA No. 218128 constitutes infringement of the '898 patent under at least 35 U.S.C. § 271(e)(2)(A).

120.    On information and belief, the active ingredient of the Eugia ANDA Product is revefenacin, which is the same active ingredient in YUPELRI® and the same active ingredient used in the compositions and methods of treatment described and claimed in one or more claims of the '898 patent.

121.    On information and belief, Eugia asserts in ANDA No. 218128 that the Eugia ANDA Product is bioequivalent to YUPELRI®, refers to and relies upon the YUPELRI® NDA, and contains data that, according to Eugia, demonstrate the bioequivalence of the Eugia ANDA Product to YUPELRI®.

122.    On information and belief, Eugia is seeking approval to market the Eugia ANDA Product for the same approved indication as YUPELRI®.

123.    On information and belief, Eugia is seeking approval to market the Eugia ANDA Product for maintenance treatment of patients with COPD.

124.    On information and belief, Eugia has actual knowledge as of the date of this Complaint of the '898 patent, at least because Plaintiffs have identified the '898 patent to Eugia as part of this Action.

125.    On information and belief, Eugia intends to and will infringe, actively induce infringement, and/or contribute to infringement of one or more claims of the '898 patent upon receiving FDA approval of ANDA No. 218128 and prior to the expiration of the '898 patent.

126.    On information and belief, Eugia will commercially manufacture, use, offer for sale, and/or sell the Eugia ANDA Product throughout the United States, and/or import the Eugia

ANDA Product into the United States, and/or induce and/or contribute to such acts, promptly upon receiving FDA approval to do so and during the term of the '898 patent.

127.    On information and belief, Eugia knows that the Eugia ANDA Product is especially made or adapted for use in a way that would infringe the '898 patent, and is not suitable for substantial non-infringing use.  On information and belief, Eugia knowingly has taken and intends to take active steps to, and will, induce and/or contribute to infringement of one or more claims of the '898 patent.

128.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Plaintiffs and Eugia with respect to infringement of the '898 patent.

**Mankind**

129.    In a letter dated January 5, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Mankind Notice Letter"), Mankind notified Mylan Ireland Limited and Theravance Biopharma US, Inc. that it had submitted the Mankind ANDA to the FDA under Section 21 U.S.C. §§ 355(j)(1) and 2(A), seeking approval to engage in the commercial manufacture, use, or sale of the Mankind ANDA Product, as a generic version of YUPELRI® in/into the United States, prior to the expiration of the '451 patent, '028 patent, '081 patent, '289 patent, and '531 patent.

130.    Plaintiffs filed a complaint for infringement of the '451 patent, '028 patent, '081 patent, '289 patent, and '531 patent against Mankind, *inter alia*, in this jurisdiction on February 16, 2023, which was assigned Civil Action No. 23-00926-KMW-AMD.

131.    In a letter dated July 10, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Mankind Second Notice Letter"), Mankind notified Mylan Ireland Limited and Theravance Biopharma US, Inc. that the Mankind ANDA includes a

certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, or sale of the Mankind ANDA Product, as a generic version of YUPELRI® in/into the United States, prior to the expiration of the '948 patent.

132.   Plaintiffs filed a complaint for infringement of the '948 patent against Mankind, *inter alia*, in this jurisdiction on August 21, 2023, which was assigned Civil Action No. 23-06667-KMW-AMD, and which was consolidated with Civil Action No. 23-00926-KMW-AMD on September 29, 2023.

133.   On December 4, 2023, Plaintiffs filed a First Amended Consolidated Complaint for Patent Infringement against Mankind, *inter alia*, in Civil Action No. 23-00926-KMW-AMD, which included additional claims for infringement of the '783 patent, the '099 patent, the '013 patent, and the '209 patent.

134.   Mankind's filing of its ANDA No. 218089 constitutes infringement of the '898 patent under at least 35 U.S.C. § 271(e)(2)(A).

135.   On information and belief, the active ingredient of the Mankind ANDA Product is revefenacin, which is the same active ingredient in YUPELRI® and the same active ingredient used in the compositions and methods of treatment described and claimed in one or more claims of the '898 patent.

136.   On information and belief, Mankind asserts in ANDA No. 218089 that the Mankind ANDA Product is bioequivalent to YUPELRI®, refers to and relies upon the YUPELRI® NDA, and contains data that, according to Mankind, demonstrate the bioequivalence of the Mankind ANDA Product to YUPELRI®.

137.   On information and belief, Mankind is seeking approval to market the Mankind ANDA Product for the same approved indication as YUPELRI®.

138.   On information and belief, Mankind is seeking approval to market the Mankind ANDA Product for maintenance treatment of patients with COPD.

139.   On information and belief, Mankind has actual knowledge as of the date of this Complaint of the '898 patent, at least because Plaintiffs have identified the '898 patent to Mankind as part of this Action.

140.   On information and belief, Mankind intends to and will infringe, actively induce infringement, and/or contribute to infringement of one or more claims of the '898 patent upon receiving FDA approval of ANDA No. 218089 and prior to the expiration of the '898 patent.

141.   On information and belief, Mankind will commercially manufacture, use, offer for sale, and/or sell the Mankind ANDA Product throughout the United States, and/or import the Mankind ANDA Product into the United States, and/or induce and/or contribute to such acts, promptly upon receiving FDA approval to do so and during the term of the '898 patent.

142.   On information and belief, Mankind knows that the Mankind ANDA Product is especially made or adapted for use in a way that would infringe the '898 patent, and is not suitable for substantial non-infringing use.  On information and belief, Mankind knowingly has taken and intends to take active steps to, and will, induce and/or contribute to infringement of one or more claims of the '898 patent.

143.   A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Plaintiffs and Mankind with respect to infringement of the '898 patent.

**Lupin**

144.   In a letter dated January 5, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Lupin Notice Letter"), Lupin notified Mylan Ireland Limited and Theravance Biopharma R&D IP LLC that it had submitted ANDA No. 218088 to the

29

FDA under Section 21 U.S.C. §§ 355(j)(1) and 2(A), seeking approval to engage in the commercial manufacture, use, or sale of its proposed revefenacin inhalation solution, for oral inhalation (the "Lupin ANDA Product"), as a generic version of YUPELRI® in/into the United States, prior to the expiration of the '451 patent, the '028 patent, the '081 patent, the '289 patent, and the '531 patent.

145. Plaintiffs filed a complaint for infringement of the '451 patent, the '028 patent, the '081 patent, the '289 patent, and the '531 patent against Lupin, *inter alia*, in this jurisdiction on February 16, 2023, which was assigned Civil Action No. 23-00926-KMW-AMD.

146. In a letter dated August 3, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Lupin Second Notice Letter"), Lupin notified Mylan Ireland Limited, Mylan Pharmaceuticals Inc., Theravance Biopharma R&D IP LLC, and Theravance Biopharma Ireland Ltd. that the Lupin ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, or sale of the Lupin ANDA Product, as a generic version of YUPELRI® in/into the United States, prior to the expiration of the '948 patent.

147. Plaintiffs filed a complaint for infringement of the '948 patent against Lupin, *inter alia*, in this jurisdiction on August 21, 2023, which was assigned Civil Action No. 23-06667-KMW-AMD, and which was consolidated with Civil Action No. 23-00926-KMW-AMD on September 29, 2023.

148. On December 4, 2023, Plaintiffs filed a First Amended Consolidated Complaint for Patent Infringement against Lupin, *inter alia*, in Civil Action No. 23-00926-KMW-AMD, which included additional claims for infringement of the '783 patent, the '099 patent, the '013 patent, and the '209 patent.

149. Lupin's filing of its ANDA No. 218088 constitutes infringement of the '898 patent under at least 35 U.S.C. § 271(e)(2)(A).

150. On information and belief, the active ingredient of the Lupin ANDA Product is revefenacin, which is the same active ingredient in YUPELRI® and the same active ingredient used in the compositions and methods of treatment described and claimed in one or more claims of the '898 patent.

151. On information and belief, Lupin asserts in ANDA No. 218088 that the Lupin ANDA Product is bioequivalent to YUPELRI®, refers to and relies upon the YUPELRI® NDA, and contains data that, according to Lupin, demonstrate the bioequivalence of the Lupin ANDA Product to YUPELRI®.

152. On information and belief, Lupin is seeking approval to market the Lupin ANDA Product for the same approved indication as YUPELRI®.

153. On information and belief, Lupin is seeking approval to market the Lupin ANDA Product for maintenance treatment of patients with COPD.

154. On information and belief, Lupin has actual knowledge as of the date of this Complaint of the '898 patent, at least because Plaintiffs have identified the '898 patent to Lupin as part of this Action.

155. On information and belief, Lupin intends to and will infringe, actively induce infringement, and/or contribute to infringement of one or more claims of the '898 patent upon receiving FDA approval of ANDA No. 218088 and prior to the expiration of the '898 patent.

156. On information and belief, Lupin will commercially manufacture, use, offer for sale, and/or sell the Lupin ANDA Product throughout the United States, and/or import the Lupin

31

ANDA Product into the United States, and/or induce and/or contribute to such acts, promptly upon receiving FDA approval to do so and during the term of the '898 patent.

157. On information and belief, Lupin knows that the Lupin ANDA Product is especially made or adapted for use in a way that would infringe the '898 patent, and is not suitable for substantial non-infringing use. On information and belief, Lupin knowingly has taken and intends to take active steps to, and will, induce and/or contribute to infringement of one or more claims of the '898 patent.

158. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Plaintiffs and Lupin with respect to infringement of the '898 patent.

### Orbicular

159. In a letter dated January 13, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Orbicular Notice Letter"), Orbicular notified Mylan Ireland Limited and Theravance Biopharma R&D IP, LLC that it had submitted ANDA No. 217868 to the FDA under Section 21 U.S.C. §§ 355(j)(1) and 2(A), seeking approval to engage in the commercial manufacture, use, or sale of its proposed revefenacin inhalation solution, for oral inhalation (the "Orbicular ANDA Product"), as a generic version of YUPELRI® in/into the United States, prior to the expiration of the '451 patent, the '028 patent, the '081 patent, and the '289 patent.

160. Plaintiffs filed a complaint for infringement of the '451 patent, the '028 patent, the '081 patent, and the '289 patent against Orbicular, *inter alia*, in this jurisdiction on February 16, 2023, which was assigned Civil Action No. 23-00926-KMW-AMD.

161. In a letter dated April 12, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Orbicular Second Notice Letter"), Orbicular

notified Mylan Ireland Limited and Theravance Biopharma R&D IP, LLC that it had amended the Orbicular ANDA to contain a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, or sale of the Orbicular ANDA Product, as a generic version of YUPELRI® in/into the United States, prior to the expiration of the '531 patent.

162.    Plaintiffs filed a complaint for infringement of the '531 patent against Orbicular in this jurisdiction on May 24, 2023, which was assigned Civil Action No. 23-02843-KMW-AMD, and which was consolidated with Civil Action No. 23-00926-KMW-AMD on June 23, 2023.

163.    In a letter dated August 10, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Orbicular Third Notice Letter"), Orbicular notified Mylan Ireland Limited, Viatris Inc., and Theravance Biopharma R&D IP, LLC that the Orbicular ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, or sale of the Orbicular ANDA Product, as a generic version of YUPELRI® in/into the United States, prior to the expiration of the '948 patent.

164.    Plaintiffs filed a complaint for infringement of the '948 patent against Orbicular, *inter alia*, in this jurisdiction on August 21, 2023, which was assigned Civil Action No. 23-06667-KMW-AMD, and which was consolidated with Civil Action No. 23-00926-KMW-AMD on September 29, 2023.

165.    On December 4, 2023, Plaintiffs filed a First Amended Consolidated Complaint for Patent Infringement against Orbicular, *inter alia*, in Civil Action No. 23-00926-KMW-AMD, which included additional claims for infringement of the '783 patent, the '099 patent, the '013 patent, and the '209 patent.

166. Orbicular's filing of its ANDA No. 217868 constitutes infringement of the '898 patent under at least 35 U.S.C. § 271(e)(2)(A).

167. On information and belief, the active ingredient of the Orbicular ANDA Product is revefenacin, which is the same active ingredient in YUPELRI® and the same active ingredient used in the compositions and methods of treatment described and claimed in one or more claims of the '898 patent.

168. On information and belief, Orbicular asserts in ANDA No. 217868 that the Orbicular ANDA Product is bioequivalent to YUPELRI®, refers to and relies upon the YUPELRI® NDA, and contains data that, according to Orbicular, demonstrate the bioequivalence of the Orbicular ANDA Product to YUPELRI®.

169. On information and belief, Orbicular is seeking approval to market the Orbicular ANDA Product for the same approved indication as YUPELRI®.

170. On information and belief, Orbicular is seeking approval to market the Orbicular ANDA Product for maintenance treatment of patients with COPD.

171. On information and belief, Orbicular has actual knowledge as of the date of this Complaint of the '898 patent, at least because Plaintiffs have identified the '898 patent to Orbicular as part of this Action.

172. On information and belief, Orbicular intends to and will infringe, actively induce infringement, and/or contribute to infringement of one or more claims of the '898 patent upon receiving FDA approval of ANDA No. 217868 and prior to the expiration of the '898 patent.

173. On information and belief, Orbicular will commercially manufacture, use, offer for sale, and/or sell the Orbicular ANDA Product throughout the United States, and/or import the

Orbicular ANDA Product into the United States, and/or induce and/or contribute to such acts, promptly upon receiving FDA approval to do so and during the term of the '898 patent.

174. On information and belief, Orbicular knows that the Orbicular ANDA Product is especially made or adapted for use in a way that would infringe the '898 patent, and is not suitable for substantial non-infringing use. On information and belief, Orbicular knowingly has taken and intends to take active steps to, and will, induce and/or contribute to infringement of one or more claims of the '898 patent.

175. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Plaintiffs and Orbicular with respect to infringement of the '898 patent.

**Cipla**

176. In a letter dated January 17, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Cipla Notice Letter"), Cipla notified Mylan Ireland Limited and Theravance Biopharma R&D IP, LLC that it had submitted ANDA No. 217958 to the FDA under Section 21 U.S.C. §§ 355(j)(1) and 2(A), seeking approval to engage in the commercial manufacture, use, or sale of its proposed revefenacin inhalation solution, for oral inhalation (the "Cipla ANDA Product"), as a generic version of YUPELRI® in/into the United States, prior to the expiration of the '451 patent, the '028 patent, the '081 patent, the '289 patent, and the '531 patent.

177. Plaintiffs filed a complaint for infringement of the '451 patent, the '028 patent, the '081 patent, the '289 patent, and the '531 patent against Cipla, *inter alia*, in this jurisdiction on February 16, 2023, which was assigned Civil Action No. 23-00926-KMW-AMD.

178. Plaintiffs filed a complaint for infringement of the '948 patent against Cipla, *inter alia*, in this jurisdiction on August 21, 2023, which was assigned Civil Action No. 23-06667-

KMW-AMD, and which was consolidated with Civil Action No. 23-00926-KMW-AMD on September 29, 2023.

179.    In a letter dated August 24, 2023, purporting to be notice under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 (the "Cipla Second Notice Letter"), Cipla notified Mylan Ireland Limited and Theravance Biopharma R&D IP, LLC that the Cipla ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, or sale of the Cipla ANDA Product, as a generic version of YUPELRI® in/into the United States, prior to the expiration of the '948 patent.

180.    On December 4, 2023, Plaintiffs filed a First Amended Consolidated Complaint for Patent Infringement against Cipla, *inter alia*, in Civil Action No. 23-00926-KMW-AMD, which included additional claims for infringement of the '783 patent, the '099 patent, the '013 patent, and the '209 patent.

181.    Cipla's filing of its ANDA No. 217958 constitutes infringement of the '898 patent under at least 35 U.S.C. § 271(e)(2)(A).

182.    On information and belief, the active ingredient of the Cipla ANDA Product is revefenacin, which is the same active ingredient in YUPELRI® and the same active ingredient used in the compositions and methods of treatment described and claimed in one or more claims of the '898 patent.

183.    On information and belief, Cipla asserts in ANDA No. 217958 that the Cipla ANDA Product is bioequivalent to YUPELRI®, refers to and relies upon the YUPELRI® NDA, and contains data that, according to Cipla, demonstrate the bioequivalence of the Cipla ANDA Product to YUPELRI®.

184. On information and belief, Cipla is seeking approval to market the Cipla ANDA Product for the same approved indication as YUPELRI®.

185. On information and belief, Cipla is seeking approval to market the Cipla ANDA Product for maintenance treatment of patients with COPD.

186. On information and belief, Cipla has actual knowledge as of the date of this Complaint of the '898 patent, at least because Plaintiffs have identified the '898 patent to Cipla as part of this Action.

187. On information and belief, Cipla intends to and will infringe, actively induce infringement, and/or contribute to infringement of one or more claims of the '898 patent upon receiving FDA approval of ANDA No. 217958 and prior to the expiration of the '898 patent.

188. On information and belief, Cipla will commercially manufacture, use, offer for sale, and/or sell the Cipla ANDA Product throughout the United States, and/or import the Cipla ANDA Product into the United States, and/or induce and/or contribute to such acts, promptly upon receiving FDA approval to do so and during the term of the '898 patent.

189. On information and belief, Cipla knows that the Cipla ANDA Product is especially made or adapted for use in a way that would infringe the '898 patent, and is not suitable for substantial non-infringing use. On information and belief, Cipla knowingly has taken and intends to take active steps to, and will, induce and/or contribute to infringement of one or more claims of the '898 patent.

190. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Plaintiffs and Cipla with respect to infringement of the '898 patent.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 11,858,898 BY EUGIA

191.    Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

192.    Eugia's submission of ANDA No. 218128 to obtain approval from the FDA to engage in the commercial manufacture, importation, use, offer for sale, and/or sale of the Eugia ANDA Product in/into the United States prior to the expiration of the '898 patent constitutes infringement, either literally or under the doctrine of equivalents, of one or more claims of the '898 patent under 35 U.S.C. § 271(e)(2)(A).

193.    Eugia's commercial manufacture, sale, offer for sale, or use of the Eugia ANDA Product within the United States, or importation of the Eugia ANDA Product into the United States, during the term of the '898 patent would infringe and/or induce infringement of one or more claims of the '898 patent under 35 U.S.C. §§ 271(a) and/or (b), either literally or under the doctrine of equivalents.

194.    On information and belief, Eugia intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Eugia ANDA Product, and the proposed labeling therefor, immediately and imminently upon the approval of ANDA No. 218128 and any amendments thereto, *i.e.*, prior to the expiration of the '898 patent.

195.    On information and belief, Eugia has knowledge of the '898 patent.  Eugia's infringement has been, and continues to be, deliberate.

196.    Plaintiffs will be substantially and irreparably harmed if Eugia's infringement of the '898 patent is not enjoined.

197.    Plaintiffs do not have an adequate remedy at law.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 11,858,898 BY MANKIND**

198.    Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

199.    Mankind's submission of ANDA No. 218089 to obtain approval from the FDA to engage in the commercial manufacture, importation, use, offer for sale, and/or sale of the Mankind ANDA Product in/into the United States prior to the expiration of the '898 patent constitutes infringement, either literally or under the doctrine of equivalents, of one or more claims of the '898 patent under 35 U.S.C. § 271(e)(2)(A).

200.    Mankind's commercial manufacture, sale, offer for sale, or use of the Mankind ANDA Product within the United States, or importation of the Mankind ANDA Product into the United States, during the term of the '898 patent would infringe and/or induce infringement of one or more claims of the '898 patent under 35 U.S.C. §§ 271(a) and/or (b), either literally or under the doctrine of equivalents.

201.    On information and belief, Mankind intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Mankind ANDA Product, and the proposed labeling therefor, immediately and imminently upon the approval of ANDA No. 218089 and any amendments thereto, *i.e.*, prior to the expiration of the '898 patent.

202.    On information and belief, Mankind has knowledge of the '898 patent.  Mankind's infringement has been, and continues to be, deliberate.

203.    Plaintiffs will be substantially and irreparably harmed if Mankind's infringement of the '898 patent is not enjoined.

204.    Plaintiffs do not have an adequate remedy at law.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 11,858,898 BY LUPIN

205. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

206. Lupin's submission of ANDA No. 218088 to obtain approval from the FDA to engage in the commercial manufacture, importation, use, offer for sale, and/or sale of the Lupin ANDA Product in/into the United States prior to the expiration of the '898 patent constitutes infringement, either literally or under the doctrine of equivalents, of one or more claims of the '898 patent under 35 U.S.C. § 271(e)(2)(A).

207. Lupin's commercial manufacture, sale, offer for sale, or use of the Lupin ANDA Product within the United States, or importation of the Lupin ANDA Product into the United States, during the term of the '898 patent would infringe and/or induce infringement of one or more claims of the '898 patent under 35 U.S.C. §§ 271(a) and/or (b), either literally or under the doctrine of equivalents.

208. On information and belief, Lupin intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Lupin ANDA Product, and the proposed labeling therefor, immediately and imminently upon the approval of ANDA No. 218088 and any amendments thereto, *i.e.*, prior to the expiration of the '898 patent.

209. On information and belief, Lupin has knowledge of the '898 patent. Lupin's infringement has been, and continues to be, deliberate.

210. Plaintiffs will be substantially and irreparably harmed if Lupin's infringement of the '898 patent is not enjoined.

211. Plaintiffs do not have an adequate remedy at law.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 11,858,898 BY ORBICULAR**

212.    Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

213.    Orbicular's submission of ANDA No. 217868 to obtain approval from the FDA to engage in the commercial manufacture, importation, use, offer for sale, and/or sale of the Orbicular ANDA Product in/into the United States prior to the expiration of the '898 patent constitutes infringement, either literally or under the doctrine of equivalents, of one or more claims of the '898 patent under 35 U.S.C. § 271(e)(2)(A).

214.    Orbicular's commercial manufacture, sale, offer for sale, or use of the Orbicular ANDA Product within the United States, or importation of the Orbicular ANDA Product into the United States, during the term of the '898 patent would infringe and/or induce infringement of one or more claims of the '898 patent under 35 U.S.C. §§ 271(a) and/or (b), either literally or under the doctrine of equivalents.

215.    On information and belief, Orbicular intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Orbicular ANDA Product, and the proposed labeling therefor, immediately and imminently upon the approval of ANDA No. 217868 and any amendments thereto, *i.e.*, prior to the expiration of the '898 patent.

216.    On information and belief, Orbicular has knowledge of the '898 patent.  Orbicular's infringement has been, and continues to be, deliberate.

217.    Plaintiffs will be substantially and irreparably harmed if Orbicular's infringement of the '898 patent is not enjoined.

218.    Plaintiffs do not have an adequate remedy at law.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 11,858,898 BY CIPLA**

219.    Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

220.    Cipla's submission of ANDA No. 217958 to obtain approval from the FDA to engage in the commercial manufacture, importation, use, offer for sale, and/or sale of the Cipla ANDA Product in/into the United States prior to the expiration of the '898 patent constitutes infringement, either literally or under the doctrine of equivalents, of one or more claims of the '898 patent under 35 U.S.C. § 271(e)(2)(A).

221.    Cipla's commercial manufacture, sale, offer for sale, or use of the Cipla ANDA Product within the United States, or importation of the Cipla ANDA Product into the United States, during the term of the '898 patent would infringe and/or induce infringement of one or more claims of the '898 patent under 35 U.S.C. §§ 271(a) and/or (b), either literally or under the doctrine of equivalents.

222.    On information and belief, Cipla intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Cipla ANDA Product, and the proposed labeling therefor, immediately and imminently upon the approval of ANDA No. 217958 and any amendments thereto, *i.e.*, prior to the expiration of the '898 patent.

223.    On information and belief, Cipla has knowledge of the '898 patent.  Cipla's infringement has been, and continues to be, deliberate.

224.    Plaintiffs will be substantially and irreparably harmed if Cipla's infringement of the '898 patent is not enjoined.

225.    Plaintiffs do not have an adequate remedy at law.

42

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

### Eugia

(a)     A judgment under 35 U.S.C. § 271(e)(2)(A) that Eugia has infringed one or more claims of the '898 patent by the filing of its ANDA No. 218128;

(b)     A judgment that Eugia's manufacturing, using, selling, offering for sale, and/or importing the Eugia ANDA Product in/into the United States will infringe one or more claims of the '898 patent under 35 U.S.C. §§ 271(a) and/or (b);

(c)     A declaration under 28 U.S.C. §§ 2201-02 that if Eugia, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of the Eugia ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. §§ 271(a) and/or (b);

(d)     A judgment under 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 218128 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) be a date not earlier than the latest expiration date of the '898 patent, inclusive of any extension(s) or additional period(s) of exclusivity;

(e)     A judgment under 35 U.S.C. §§ 271(e)(4)(B) and 283 providing injunctive relief against Eugia, whether alone or in concert with a subsidiary company, to prevent the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States of the Eugia ANDA Product before the expiration of the '898 patent, inclusive of any extension(s) to patent term;

(f)     A permanent injunction restraining and enjoining Eugia, whether alone or in concert with a subsidiary company, from making, using, selling, offering for sale, and/or importing

43

the Eugia ANDA Product or any pharmaceutical composition as claimed in the '898 patent in/into the United States, or practicing any processes or methods as claimed in the '898 patent, or from actively inducing or contributing to the infringement of any claim of the '898 patent, before the expiration of the '898 patent, inclusive of any extension(s) to patent term in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(g)    Damages or other monetary relief, including costs, fees, pre- and post-judgment interest, and damages under 35 U.S.C. § 271(e)(4)(C), to Plaintiffs if Eugia engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Eugia ANDA Product prior to the latest expiration date of the '898 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

(h)    To the extent the facts show that this is an exceptional case, an award of reasonable attorney fees in this action pursuant to 35 U.S.C. § 285;

(i)    An award to Plaintiffs of any further appropriate relief under 35 U.S.C. § 271(e)(4);

(j)    Costs and expenses in this action; and

(k)    Such further and other relief as this Court may deem just and proper.

**Mankind**

(l)    A judgment under 35 U.S.C. § 271(e)(2)(A) that Mankind has infringed one or more claims of the '898 patent by the filing of its ANDA No. 218089;

(m)    A judgment that Mankind's manufacturing, using, selling, offering for sale, and/or importing the Mankind ANDA Product in/into the United States will infringe one or more claims of the '898 patent under 35 U.S.C. §§ 271(a) and/or (b);

(n)    A declaration under 28 U.S.C. §§ 2201-02 that if Mankind, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation

44

of the Mankind ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. §§ 271(a) and/or (b);

(o)    A judgment under 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 218089 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) be a date not earlier than the latest expiration date of the '898 patent, inclusive of any extension(s) or additional period(s) of exclusivity;

(p)    A judgment under 35 U.S.C. §§ 271(e)(4)(B) and 283 providing injunctive relief against Mankind, whether alone or in concert with a subsidiary company, to prevent the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States of the Mankind ANDA Product before the expiration of the '898 patent, inclusive of any extension(s) to patent term;

(q)    A permanent injunction restraining and enjoining Mankind, whether alone or in concert with a subsidiary company, from making, using, selling, offering for sale, and/or importing the Mankind ANDA Product or any pharmaceutical composition as claimed in the '898 patent in/into the United States, or practicing any processes or methods as claimed in the '898 patent, or from actively inducing or contributing to the infringement of any claim of the '898 patent, before the expiration of the '898 patent, inclusive of any extension(s) to patent term in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(r)    Damages or other monetary relief, including costs, fees, pre- and post-judgment interest, and damages under 35 U.S.C. § 271(e)(4)(C), to Plaintiffs if Mankind engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Mankind ANDA Product prior to the latest expiration date of the '898 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

45

(s)     To the extent the facts show that this is an exceptional case, an award of reasonable attorney fees in this action pursuant to 35 U.S.C. § 285;

(t)     An award to Plaintiffs of any further appropriate relief under 35 U.S.C. § 271(e)(4);

(u)     Costs and expenses in this action; and

(v)     Such further and other relief as this Court may deem just and proper.

**Lupin**

(w)     A judgment under 35 U.S.C. § 271(e)(2)(A) that Lupin has infringed one or more claims of the '898 patent by the filing of its ANDA No. 218088;

(x)     A judgment that Lupin's manufacturing, using, selling, offering for sale, and/or importing the Lupin ANDA Product in/into the United States will infringe one or more claims of the '898 patent under 35 U.S.C. §§ 271(a) and/or (b);

(y)     A declaration under 28 U.S.C. §§ 2201-02 that if Lupin, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of the Lupin ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. §§ 271(a) and/or (b);

(z)     A judgment under 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 218088 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) be a date not earlier than the latest expiration date of the '898 patent, inclusive of any extension(s) or additional period(s) of exclusivity;

(aa)    A judgment under 35 U.S.C. §§ 271(e)(4)(B) and 283 providing injunctive relief against Lupin, whether alone or in concert with a subsidiary company, to prevent the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United

States of the Lupin ANDA Product before the expiration of the '898 patent, inclusive of any extension(s) to patent term;

(bb)    A permanent injunction restraining and enjoining Lupin, whether alone or in concert with a subsidiary company, from making, using, selling, offering for sale, and/or importing the Lupin ANDA Product or any pharmaceutical composition as claimed in the '898 patent in/into the United States, or practicing any processes or methods as claimed in the '898 patent, or from actively inducing or contributing to the infringement of any claim of the '898 patent, before the expiration of the '898 patent, inclusive of any extension(s) to patent term in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(cc)    Damages or other monetary relief, including costs, fees, pre- and post-judgment interest, and damages under 35 U.S.C. § 271(e)(4)(C), to Plaintiffs if Lupin engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Lupin ANDA Product prior to the latest expiration date of the '898 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

(dd)    To the extent the facts show that this is an exceptional case, an award of reasonable attorney fees in this action pursuant to 35 U.S.C. § 285;

(ee)    An award to Plaintiffs of any further appropriate relief under 35 U.S.C. § 271(e)(4);

(ff)    Costs and expenses in this action; and

(gg)    Such further and other relief as this Court may deem just and proper.

### Orbicular

(hh)    A judgment under 35 U.S.C. § 271(e)(2)(A) that Orbicular has infringed one or more claims of the '898 patent by the filing of its ANDA No. 217868;

(ii)    A judgment that Orbicular's manufacturing, using, selling, offering for sale, and/or importing the Orbicular ANDA Product in/into the United States will infringe one or more claims of the '898 patent under 35 U.S.C. §§ 271(a) and/or (b);

(jj)    A declaration under 28 U.S.C. §§ 2201-02 that if Orbicular, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of the Orbicular ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. §§ 271(a) and/or (b);

(kk)    A judgment under 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 217868 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) be a date not earlier than the latest expiration date of the '898 patent, inclusive of any extension(s) or additional period(s) of exclusivity;

(ll)    A judgment under 35 U.S.C. §§ 271(e)(4)(B) and 283 providing injunctive relief against Orbicular, whether alone or in concert with a subsidiary company, to prevent the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States of the Orbicular ANDA Product before the expiration of the '898 patent, inclusive of any extension(s) to patent term;

(mm)   A permanent injunction restraining and enjoining Orbicular, whether alone or in concert with a subsidiary company, from making, using, selling, offering for sale, and/or importing the Orbicular ANDA Product or any pharmaceutical composition as claimed in the '898 patent in/into the United States, or practicing any processes or methods as claimed in the '898 patent, or from actively inducing or contributing to the infringement of any claim of the '898 patent, before the expiration of the '898 patent, inclusive of any extension(s) to patent term in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(nn)   Damages or other monetary relief, including costs, fees, pre- and post-judgment interest, and damages under 35 U.S.C. § 271(e)(4)(C), to Plaintiffs if Orbicular engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Orbicular ANDA Product prior to the latest expiration date of the '898 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

(oo)   To the extent the facts show that this is an exceptional case, an award of reasonable attorney fees in this action pursuant to 35 U.S.C. § 285;

(pp)   An award to Plaintiffs of any further appropriate relief under 35 U.S.C. § 271(e)(4);

(qq)   Costs and expenses in this action; and

(rr)   Such further and other relief as this Court may deem just and proper.

**Cipla**

(ss)   A judgment under 35 U.S.C. § 271(e)(2)(A) that Cipla has infringed one or more claims of the '898 patent by the filing of its ANDA No. 217958;

(tt)   A judgment that Cipla's manufacturing, using, selling, offering for sale, and/or importing the Cipla ANDA Product in/into the United States will infringe one or more claims of the '898 patent under 35 U.S.C. §§ 271(a) and/or (b);

(uu)   A declaration under 28 U.S.C. §§ 2201-02 that if Cipla, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of the Cipla ANDA Product, it will constitute an act of infringement pursuant to 35 U.S.C. §§ 271(a) and/or (b);

(vv)   A judgment under 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 217958 under Section 505(j) of the Federal Food, Drug, and

Cosmetic Act (21 U.S.C. § 355(j)) be a date not earlier than the latest expiration date of the '898 patent, inclusive of any extension(s) or additional period(s) of exclusivity;

(ww) A judgment under 35 U.S.C. §§ 271(e)(4)(B) and 283 providing injunctive relief against Cipla, whether alone or in concert with a subsidiary company, to prevent the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States of the Cipla ANDA Product before the expiration of the '898 patent, inclusive of any extension(s) to patent term;

(xx) A permanent injunction restraining and enjoining Cipla, whether alone or in concert with a subsidiary company, from making, using, selling, offering for sale, and/or importing the Cipla ANDA Product or any pharmaceutical composition as claimed in the '898 patent in/into the United States, or practicing any processes or methods as claimed in the '898 patent, or from actively inducing or contributing to the infringement of any claim of the '898 patent, before the expiration of the '898 patent, inclusive of any extension(s) to patent term in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(yy) Damages or other monetary relief, including costs, fees, pre- and post-judgment interest, and damages under 35 U.S.C. § 271(e)(4)(C), to Plaintiffs if Cipla engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Cipla ANDA Product prior to the latest expiration date of the '898 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

(zz) To the extent the facts show that this is an exceptional case, an award of reasonable attorney fees in this action pursuant to 35 U.S.C. § 285;

(aaa) An award to Plaintiffs of any further appropriate relief under 35 U.S.C. § 271(e)(4);

(bbb) Costs and expenses in this action; and

(ccc) Such further and other relief as this Court may deem just and proper.

Dated: January 9, 2024

Respectfully submitted,

*/s/ Arnold B. Calmann*
Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kescanlar@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike
Suite 200
Florham Park, NJ 07932
(973) 622-3333

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma US, Inc., Theravance Biopharma Ireland Limited, Mylan Ireland Limited, and Mylan Specialty L.P.*

*Of Counsel*
Mary W. Bourke (Mary.Bourke@wbd-us.com)
Dana K. Severance (Dana.Severance@wbd-us.com)
Ben Bourke (Ben.Bourke@wbd-us.com)

**WOMBLE BOND DICKINSON (US) LLP**
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
(302) 252-4320

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma US, Inc., and Theravance Biopharma Ireland Limited*

William A. Rakoczy (wrakoczy@rmmslegal.com)
Kevin E. Warner (kwarner@rmmslegal.com)
Joseph T. Jaros (jjaros@rmmslegal.com)
Matthew V. Anderson (manderson@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

*Attorneys for Plaintiffs Mylan Ireland Limited and Mylan Specialty L.P.*

51

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned counsel hereby certifies that this matter in controversy is the subject of the following litigation, pending in this District: *Theravance Biopharma R&D IP, LLC et al. v. Eugia Pharma Specialities Ltd. et al.*, Consolidated Case No. 1:23-cv-00926-KMW-AMD (D.N.J. Feb. 16, 2023).

Dated: January 9, 2024

Respectfully submitted,

*/s/ Arnold B. Calmann*
Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kescanlar@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike
Suite 200
Florham Park, NJ 07932
(973) 622-3333

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma US, Inc., Theravance Biopharma Ireland Limited, Mylan Ireland Limited, and Mylan Specialty L.P.*

Mary W. Bourke (Mary.Bourke@wbd-us.com)
Dana K. Severance (Dana.Severance@wbd-us.com)
Ben Bourke (Ben.Bourke@wbd-us.com)
**WOMBLE BOND DICKINSON (US) LLP**
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
(302) 252-4320

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma US, Inc., and Theravance Biopharma Ireland Limited*

William A. Rakoczy (wrakoczy@rmmslegal.com)
Kevin E. Warner (kwarner@rmmslegal.com)
Joseph T. Jaros (jjaros@rmmslegal.com)
Matthew V. Anderson (manderson@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

*Attorneys for Plaintiffs Mylan Ireland Limited and Mylan Specialty L.P.*

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Under Local Civil Rule 201.1, the undersigned counsel hereby certifies that the Complaint seeks injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

Dated: January 9, 2024

Respectfully submitted,

/s/ Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kescanlar@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike
Suite 200
Florham Park, NJ 07932
(973) 622-3333

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma US, Inc., Theravance Biopharma Ireland Limited, Mylan Ireland Limited, and Mylan Specialty L.P.*

Mary W. Bourke (Mary.Bourke@wbd-us.com)
Dana K. Severance (Dana.Severance@wbd-us.com)
Ben Bourke (Ben.Bourke@wbd-us.com)
**WOMBLE BOND DICKINSON (US) LLP**
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
(302) 252-4320

*Attorneys for Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma US, Inc., and Theravance Biopharma Ireland Limited*

William A. Rakoczy (wrakoczy@rmmslegal.com)
Kevin E. Warner (kwarner@rmmslegal.com)
Joseph T. Jaros (jjaros@rmmslegal.com)
Matthew V. Anderson (manderson@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 527-2157

*Attorneys for Plaintiffs Mylan Ireland Limited and Mylan Specialty L.P.*